UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| S.J.E., <br><br> Plaintiff, <br> v. <br><br> WASHINGTON DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | Case No. 3:24-cv-05261-TMC-TLF <br><br> ORDER ON PLAINTIFF'S MOTION TO COMPEL (DKT. 35) |

This matter comes before the Court on Plaintiff's motion to compel responses to discovery requests served on Defendant Deborah Matthews. Dkt. 35. Ms. Matthews, who is proceeding *pro se*, did not respond to Plaintiff's motion to compel.

Plaintiff has complied with the meet and confer requirement under Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37(a)(2).

The Court GRANTS Plaintiff's motion to compel and directs Ms. Matthews to respond to Plaintiff's interrogatories and document requests by September 2, 2025.

**DISCUSSION**

A. Discovery Overview

The purpose of discovery is to make trial "a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

ORDER ON PLAINTIFF'S MOTION TO COMPEL (DKT. 35) - 1

Fed. R. Civ. P. 26(b)(1) describes the general scope of discovery (in pertinent part): "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged mater that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable. The 2015 amendments to this provision eliminated the phrase, "reasonably calculated to lead to the discovery of admissible evidence" – under the current rule, relevance means "relevant to any party's claim or defense". *In re Bard IVC Filters Products Liability Litigation,* 317 F.R.D. 562, 564 (D. Arizona 2016). Even after the 2015 amendments to Fed. R. Civ. P. 26(b)(1), the party resisting discovery bears the burden of showing why the requested discovery should not be permitted. *See V5 Technologies v. Switch, Ltd.,* 334 F.R.D. 306, 309 (D. Nev. 2019). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Floyd v. Amazon.com Inc.*, No. C22-1599-KKE, 2024 WL 5710660, at *2 (W.D. Wash. Sept. 9, 2024) (citing *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal.1998)).

B. Discovery Requests

Plaintiff states he served interrogatories and requests for production of documents upon Ms. Matthews on October 8, 2024. Dkt. 36, Declaration of David Vogel, at Exhibit A. Plaintiff asserts that he contacted Ms. Matthews on three different occasions – February 11, 2025, February 28, 2025, and March 3, 2025 – to inquire about her responses and wanting to know when Plaintiff might expect to receive them. *Id.* at Exhibits B, C, D. *See also id.* at ¶6. Plaintiff asserts Ms. Matthews did not respond to any of Plaintiff's emails or phone calls[1]. *Id.* As of the date of Plaintiff's motion, Plaintiff has not received Ms. Matthews responses to his discovery requests. *Id.* at ¶8.

Federal Rule of Civil Procedure 33(b)(3) requires an interrogatory to be answered separately and fully in writing under oath. "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." "Fed. R. Civ. P. 33(b)(2).

"The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The propounding party may seek an order to compel responses regarding a party's failure to respond to interrogatories. Fed. R. Civ. P. 37(a)(3)(B)(iii).

Similarly, with respect to requests to produce documents, the party who has been served with a request for production must respond or object to each request in writing within thirty (30) days of being served. Fed. R. Civ. P 34(b)(2).

---

[1] Plaintiff states all communications sent to Ms. Matthews was sent to her email and telephone number of record. Dkt. 36 at ¶7. Plaintiff further explains Ms. Matthews has communicated with Plaintiff and the other defendants through these points of contact previously. *Id.*

ORDER ON PLAINTIFF'S MOTION TO COMPEL (DKT. 35) - 3

1  When the party does not respond to discovery requests within the time required,
2  unless there was an extension of time, or a showing of good cause, the failure to make
3  a timely objection to discovery, generally constitutes a waiver of any objection. *Davis v.*
4  *Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981). The propounding party may seek an order
5  to compel responses regarding a party's failure to produce documents. Fed. R. Civ. P.
6  37(a)(3)(B)(iv).
7  Defendant Deborah Matthews has failed to comply with her discovery obligations
8  under Federal Rules of Civil Procedures 33 and 34 by failing to answer or respond to
9  the interrogatories or requests to produce documents. She did not request an extension
10 of time in which to respond, nor has she provided information that would allow the Court
11 to make a finding of good cause.
12 Accordingly, it is hereby ordered that Defendant Deborah Matthews shall provide
13 answers to the interrogatories and requests to produce documents, without objections –
14 except that Defendant Matthews may assert attorney-client privilege, if applicable -- on
15 or before September 2, 2025. *See* Dkt. 19, stipulated protective order regarding
16 information that is subject to attorney-client privilege.

## CONCLUSION

18 Based on the foregoing, the Court GRANTS Plaintiff's Motion to Compel as
19 follows:
20  1. Plaintiff's motion to compel answers to interrogatories and requests to produce
21 documents is GRANTED; and

2. Defendant Deborah Matthews is Ordered to respond to Plaintiff's discovery requests, without objections (except an objection may be raised only for attorney-client privilege), on or before September 2, 2025.

Dated this 11th day of August, 2025

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION TO COMPEL (DKT. 35) - 5